UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, | Case No. 3:20-cv-00604-LRH-WGC |
| Plaintiff, | TEMPORARY RESTRAINING ORDER |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST AND FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC, | |
| Defendants. | |

Plaintiff, SFR Investments Pool 1, LLC ("SFR") motions this Court for an emergency temporary restraining order ("TRO") and preliminary injunction against defendants U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") and First American Trustee Servicing Solutions, LLC ("First American") (collectively "defendants"). ECF Nos. 4 & 5. On October 29, 2020, U.S. Bank responded. ECF No. 7. For the reasons stated below, the Court will grant plaintiff's motion for TRO (ECF No. 4) and will reserve ruling on the preliminary injunction (ECF No. 5) at this time.

**I.    BACKGROUND**

This matter arises from a foreclosure sale on real property located at 479 North Sand Crane Circle, Sparks, Nevada, 89436; Parcel No. 510-453-14 ("the property"), conducted under NRS § 116 *et seq.* Nonparty Robert Salvador ("borrower") acquired title to and ownership of the property, executing a deed of trust in February 2006, designating Countrywide Bank, N.A. as the lender,

ReconTrust Company, N.A. as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, in the amount of $263,112.00. ECF No. 4-1 at 10-11. The deed of trust was recorded in the Washoe County Recorder's Office on March 2, 2006, as document number 3356209. *Id.* The property sits in the Preserve Homeowners Association ("HOA") and is therefore subject to the HOA's assessments. *Id.* at 32-36; ECF No. 1 ¶ 8.

On January 28, 2011, MERS assigned its interest in the deed of trust to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP ("BAC") via a Corporation Assignment of Deed of Trust Nevada, recorded in the Washoe County Recorder's Office as document number 3968358. ECF No. 4-1 at 38. After the borrower failed to pay HOA assessments that came due, the HOA recorded a Notice of Delinquent Assessment (Lien) on July 30, 2012, as document number 4136532. ECF No. 7-5; ECF No. 1 ¶ 22. On December 18, 2012, the HOA recorded a Notice of Default and Election to Sell under Homeowners Association Lien, in the Washoe County Recorder's Office as document number 4185364. ECF No. 4-1 at 40. The HOA then recorded a Notice of Trustee's Sale on July 12, 2013, in the Washoe County Recorder's Office, as document number 4257692. *Id.* at 51. Pursuant to NRS § 116 *et seq.*, the property was sold to SFR at public auction on October 24, 2013, for $8,300. ECF No. 4-1 at 6. A Trustee Deed Upon Sale was recorded in the Washoe County Recorder's Office on October 31, 2013, as document number 4295546. *Id.* SFR alleges that this HOA foreclosure extinguished the first deed of trust. U.S. Bank argues that its predecessor-in-interest, BAC was not properly noticed of the foreclosure and therefore the HOA sale did not extinguish its interest.

After the foreclosure sale, on May 17, 2018, Bank of America, N.A., sbm to BAC[1] assigned its interest in the deed of trust to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, In c/o Fay Servicing, LLC ("Christiana Trust"), recorded in the Washoe County Recorder's Office on May 29, 2018, as document number 4818187. *Id.* at 56-58. On November 25, 2019, Christiana Trust then assigned

---

[1] SFR provides that Bank of America, N.A. is successor by merger to BAC and Countrywide. ECF No. 1 ¶ 27.

2

its interest in the deed of trust to U.S. Bank, recorded in the Washoe County Recorder's Office on December 5, 2019, as document number 4979564. *Id.* at 60.

On October 8, 2020, First American recorded a Notice of Trustee's Sale in the Washoe County Recorder's Office, document number 5088326. *Id.* at 2. This Notice indicates that the property will be sold at public auction on November 3, 2020 at 11 a.m. *Id.* SFR filed its Complaint against U.S. Bank and First American on October 23, 2020, alleging four causes of action—(1) declaratory relief pursuant to NRS § 40.10; (2) slander of title; (3) violation of NRS § 107.028 against First American; and (4) wrongful foreclosure. ECF No. 1. SFR then motioned the Court for an emergency temporary restraining order and preliminary injunction to enjoin the defendants from holding the foreclosure sale on November 3, 2020, and filed a notice lis pendens. ECF Nos. 4, 5, 6. U.S. Bank accordingly responded. ECF No. 7.

## II.     LEGAL STANDARD

The purpose of a TRO "is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Miller v. Rufion*, Civil No. 08-1233 BTM (WMc), 2009 WL 348176, at * 1 (E.D. Cal. Feb. 11, 2009) (citing *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). TROs are governed by Federal Rule of Civil Procedure 65(b), and may be issued "without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1). To be entitled to a TRO, the moving party must demonstrate (1) a likelihood of irreparable injury if preliminary relief is not granted; (2) the balance of hardships weighs in its favor; (3) an injunction (or TRO in this case) is in the public's interest, and (4) a likelihood of success on the merits. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

///

///

## III. DISCUSSION

The Court finds that SFR's motion satisfies the elements of a TRO. First, if the TRO is not granted, SFR may suffer immediate and irreparable harm. Defendants presumably intend to sell the property at public auction on Tuesday, November 3, 2020, if this motion is not granted. However, there is evidence within the record that supports that SFR purchased the property in 2013 at an HOA foreclosure sale, pursuant to NRS § 116 *et seq.*, which may have extinguished U.S. Bank's first deed of trust on the property. Permitting the sale to go forward next week when it is not clear that U.S. Bank holds any interest in the property to sell may cause irreparable harm to SFR. Further, it would encumber this litigation with a third-party buyer who is expecting to purchase the property free-and-clear of SFR's interest, which would likely lead to further litigation. While U.S. Bank argues that the HOA sale was invalid and did not extinguish the first deed of trust, U.S. Bank has not made any action to foreclose on the property for over 7 years. Therefore, the harm that may come to SFR from allowing the sale to go forward significantly outweighs the harm to defendants of delaying the sale for a short time until this issue can be resolved. A TRO in this circumstance preserves the status quo until all parties may be heard at a preliminary injunction hearing. It is also in the public's interest for the Court to temporarily enjoin U.S. Bank and First American from selling the property to a third-party buyer, who may not be aware of this litigation and the title dispute—a TRO will protect an unsuspecting buyer from unknowingly being forced to enter this litigation.

SFR has demonstrated a likelihood of success on the merits. The record shows that SFR purchased the property in 2013 pursuant to a super-priority HOA lien. This foreclosure sale may have vested title in the property to SFR free and clear of the first deed of trust. SFR argues that at the time of the foreclosure sale, BAC (not Freddie Mac or Fannie Mae) held interest in the property, and that interest was extinguished by the foreclosure sale. The Court notes that there is concern over whether BAC was properly on notice of the foreclosure; and failure to comply with the notice requirements may invalidate the foreclosure. It is clear to the Court that this issue must be developed further in the preliminary injunction proceedings, but it does not preclude the issuance of a TRO at this time.

Finally, while a TRO may be issued without notice to the adverse party, in this case, defendant U.S. Bank has submitted a response to SFR's motion and therefore, clearly has sufficient notice. ECF No. 7. Defendant First American has not yet responded, but its summons has been returned executed. ECF No. 8. The Court therefore finds it appropriate to issue this TRO.

Federal Rule of Civil Procedure 65 requires that SFR post security in an amount the Court deems proper to protect defendants if it is later determined that an injunction should not have been issued. FED. R. CIV. P. 65(c). SFR requests a *de minimis* bond of $250 given the likelihood of success on the merits and the amount of damages the defendants could incur as a result of the delaying the foreclosure sale. ECF No. 4. U.S. Bank requests a "significant bond" which would cover the "reasonable monthly rents which are owed to U.S. Bank for the time Plaintiff has held title to the Property," but gives the Court no monetary value. ECF No. 7. While the language of the rule is mandatory, the Court has wide discretion whether to set a bond and for how much. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978); *Carillon Importers, LTD. v. Frank Pesce Int'l Group Limited*, 112 F.3d 1125, 1127 (11th Cir. 1997). In this case, the Court determines that a $1,000 bond is appropriate. SFR is to submit proof of bond to the Court within three days from the date of filing of this Order.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED that SFR's motion for a TRO (ECF No. 4) is **GRANTED.** SFR is ORDERED to post a security bond in the amount of $1,000, and within **3 days** of the filing of this Order submit notice of such to the Court.

IT IS FURTHER ORDERED that a preliminary injunction hearing is set for **Monday, November 9, 2020 at 3:00 pm**. Should it choose to do so, First American will have until **Thursday, November 5, 2020**, to file its response. No reply is needed. Argument at this hearing should relate to the contested issue of proper notice of the HOA foreclosure.

IT IS SO ORDERED.

DATED this 30th day of October, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE