UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST AND FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC,<br><br>Defendants. | Case No. 3:20-cv-00604-LRH-WGC<br><br>ORDER ON PRELIMINARY INJUNCTION |

Plaintiff, SFR Investments Pool 1, LLC ("SFR") motions this Court for preliminary injunction against defendants U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") and First American Trustee Servicing Solutions, LLC ("First American") (collectively "defendants"). ECF No. 5. On October 29, 2020, U.S. Bank responded. ECF No. 7. For the reasons stated below, the Court will grant plaintiff's motion for preliminary injunction (ECF No. 5) and will refer this Case to the Magistrate Judge for discovery scheduling.

**I.    BACKGROUND**

This matter arises from a foreclosure sale on real property located at 479 North Sand Crane Circle, Sparks, Nevada, 89436; Parcel No. 510-453-14 ("the property"), conducted under NRS § 116 *et seq.* Nonparty Robert Salvador ("borrower") acquired title to and ownership of the property, executing a deed of trust in February 2006, designating Countrywide Bank, N.A. as the lender, ReconTrust Company, N.A. as trustee, and Mortgage Electronic Registration Systems, Inc.

1

("MERS") as the beneficiary, in the amount of $263,112.00. ECF No. 4-1 at 10-11. The deed of trust was recorded in the Washoe County Recorder's Office on March 2, 2006, as document number 3356209. *Id.* The property sits in the Preserve Homeowners Association ("HOA") and is therefore subject to the HOA's assessments. *Id.* at 32-36; ECF No. 1 ¶ 8.

On January 28, 2011, MERS assigned its interest in the deed of trust to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP ("BAC") via a Corporation Assignment of Deed of Trust Nevada, recorded in the Washoe County Recorder's Office as document number 3968358. ECF No. 4-1 at 38. After the borrower failed to pay HOA assessments that came due, the HOA recorded a Notice of Delinquent Assessment (Lien) on July 30, 2012, as document number 4136532. ECF No. 7-5; ECF No. 1 ¶ 22. On December 18, 2012, the HOA recorded a Notice of Default and Election to Sell under Homeowners Association Lien, in the Washoe County Recorder's Office as document number 4185364. ECF No. 4-1 at 40. The HOA then recorded a Notice of Trustee's Sale on July 12, 2013, in the Washoe County Recorder's Office, as document number 4257692. *Id.* at 51. Pursuant to NRS § 116 *et seq.*, the property was sold to SFR at public auction on October 24, 2013, for $8,300. ECF No. 4-1 at 6. A Trustee Deed Upon Sale was recorded in the Washoe County Recorder's Office on October 31, 2013, as document number 4295546. *Id.* SFR alleges that this HOA foreclosure extinguished the first deed of trust. U.S. Bank argues that its predecessor-in-interest, BAC was not properly noticed of the foreclosure and therefore the HOA sale did not extinguish its interest.

After the foreclosure sale, on May 17, 2018, Bank of America, N.A., sbm to BAC[1] assigned its interest in the deed of trust to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, In c/o Fay Servicing, LLC ("Christiana Trust"), recorded in the Washoe County Recorder's Office on May 29, 2018, as document number 4818187. *Id.* at 56-58. On November 25, 2019, Christiana Trust then assigned its interest in the deed of trust to U.S. Bank, recorded in the Washoe County Recorder's Office on December 5, 2019, as document number 4979564. *Id.* at 60.

---

[1] SFR provides that Bank of America, N.A. is successor by merger to BAC and Countrywide. ECF No. 1 ¶ 27.

2

On October 8, 2020, First American recorded a Notice of Trustee's Sale in the Washoe County Recorder's Office, document number 5088326. *Id.* at 2. This Notice indicates that the property will be sold at public auction on November 3, 2020 at 11 a.m. *Id.* SFR filed its Complaint against U.S. Bank and First American on October 23, 2020, alleging four causes of action—(1) declaratory relief pursuant to NRS § 40.10; (2) slander of title; (3) violation of NRS § 107.028 against First American; and (4) wrongful foreclosure. ECF No. 1. SFR then motioned the Court for an emergency temporary restraining order and preliminary injunction to enjoin the defendants from holding the foreclosure sale on November 3, 2020, and filed a notice lis pendens. ECF Nos. 4, 5, 6. U.S. Bank accordingly responded. ECF No. 7.

On October 30, 2020, the Court issued a temporary restraining order enjoining the defendants from proceeding with the November 3, 2020 foreclosure sale, and ordered SFR to post a $1,000 bond, which it did November 2, 2020. ECF Nos. 9 & 11. The Court heard oral argument from the parties on SFR's preliminary injunction motion on November 9, 2020, and granted the motion from the bench. This written order follows.

**II.     LEGAL STANDARD**

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972, (1997) (per curiam)). A court may grant a preliminary injunction upon a showing of: (1) irreparable harm to the petitioning party; (2) the balance of equities weighs in petitioner's favor; (3) an injunction is in the public's interest; and (4) the likelihood of petitioner's success on the merits. *See id.* at 20 (citations omitted). In *Winter*, the Supreme Court stated that a "likelihood" is required as to all four factors. *See id.* at 22. The Ninth Circuit has since interpreted the *Winter* decision as being compatible with a sliding scale, under which a party may satisfy the requirements for an injunction with a lower showing under one factor if there is a very strong showing under another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under the sliding scale approach, the Ninth Circuit has determined that "serious questions" as to the merits would satisfy the "likelihood of success" requirement in the event of a strong showing of irreparable harm. *Id.* at 1131-32.

3

### III.     DISCUSSION

The Court finds that SFR has satisfied the elements of a preliminary injunction. First, if the preliminary injunction is not granted, SFR may suffer immediate and irreparable harm. Defendants presumably intend to sell the property at public auction if this motion is not granted. However, there is evidence within the record that supports that SFR purchased the property in 2013 at an HOA foreclosure sale, pursuant to NRS § 116 *et seq.*, which may have extinguished U.S. Bank's first deed of trust on the property. Permitting the sale to go forward when it is not clear that U.S. Bank holds any interest in the property to sell may cause irreparable harm to SFR. Further, it would encumber this litigation with a third-party buyer who is expecting to purchase the property free-and-clear of SFR's interest, which would likely lead to further litigation. While U.S. Bank argues that the HOA sale is void and did not extinguish the first deed of trust, U.S. Bank has not taken any action to foreclose on the property for over 7 years. Therefore, the harm that may come to SFR from allowing the sale to go forward significantly outweighs the harm to defendants of delaying the sale for a short time until this issue can be resolved. It is also in the public's interest for the Court to enjoin U.S. Bank and First American from selling the property to a third-party buyer, who may not be aware of this litigation and the title dispute—a preliminary injunction will protect an unsuspecting buyer from unknowingly being forced to enter this litigation.

The parties have shown that serious questions going to the merits exist in this case. First, the Court is concerned about whether U.S. Bank holds title to the property. The record shows that SFR purchased the property in 2013 pursuant to a super-priority HOA lien. This foreclosure sale may have vested title in the property to SFR free and clear of the first deed of trust. SFR argues that at the time of the foreclosure sale, BAC (not Freddie Mac or Fannie Mae) held interest in the property, and that interest was extinguished by the foreclosure sale. While U.S. Bank argues that the HOA sale was void because BAC lacked actual notice of the foreclosure sale, the record shows that MERS and Countrywide were both sent notice of the foreclosure sale, which presumably would have been sent to BAC. The Court finds that discovery is needed to fully determine whether BAC had notice of this sale. The Court is further concerned about the age of this litigation and the prior litigation regarding this property. The Court is aware of the prior litigation in the Second

4

Judicial District Court, Washoe County, in which SFR brought suit against BAC to enjoin a nonjudicial foreclosure sale. This case was stayed pending the Nevada Supreme Court's decision in *SFR Investments, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (2014), after which SFR voluntarily dismissed the case; that Court does not appear to have ruled on which entity held title to the property. For all of these reasons, and those articulated by the Court from the bench, the Court finds that a preliminary injunction is warranted.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that SFR's motion for a preliminary injunction (ECF No. 5) is **GRANTED.** SFR's security bond will be maintained throughout the pendency of this action. The Court refers this matter to the Magistrate Judge to schedule discovery proceedings.

IT IS SO ORDERED.

DATED this 10th day of November, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE