UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>    Plaintiff and Counter Defendant,<br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST AND FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC,<br><br>    Defendant and Counter Claimant. | Case No. 3:20-cv-00604-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

This is one of hundreds of cases filed in this district to quiet title following a foreclosure sale conducted by a homeowners' association under NRS § 116.3116, *et seq.* (the "HOA Sale"), specifically regarding 479 N. Sand Crane Circle, Sparks, NV 89436; Parcel No. 510-453-14 (the "Property"). (ECF No. 1 at 1.) Plaintiff and Counter Defendant SFR Investments Pool 1, LLC, who purchased the Property at the HOA Sale, filed it as a declaratory judgment action following Defendant U.S. Bank National Association, as legal Title Trustee for Truman 2016 SC6 Title Trust and First American Trustee Servicing Solutions, LLC's notice that it intended to foreclose on a Deed of Trust ("DOT")[1] that U.S. Bank contends encumbers the Property. (*Id.* at 8.) Before the Court are the parties' cross-motions for summary judgment. (ECF Nos. 69, 70.)[2] The Court held a hearing on the competing motions on January 16, 2024 (the "Hearing"). (ECF Nos. 83 (setting hearing), 84 (hearing minutes).) As further explained below, the Court must resolve this case in

---

[1] U.S. Bank filed a copy of the DOT as an exhibit to its motion. (ECF No. 70-1.) References to the DOT herein refer to that document.

[2] The parties filed responses and replies to their motions. (ECF Nos. 77, 78, 81, 82.)

1  U.S. Bank's favor because the excused tender doctrine applies, and the Court finds SFR's
2  statute of limitations and laches arguments unpersuasive.

## II.     BACKGROUND

As SFR does not dispute the facts regarding the foreclosure proceedings that U.S. Bank presents in subsection I of its statement of facts (ECF No. 77 at 2), the Court incorporates those facts by reference here (ECF No. 70 at 2-4). The Court also takes judicial notice of the facts that U.S. Bank presents in that subsection because they are all supported by publicly recorded property records. (*Id.* at 5-6 (requesting the Court take judicial notice of those documents).) *See also Harlow v. MTC Fin. Inc.*, 865 F. Supp. 2d 1095, 1099 (D. Nev. 2012) (taking judicial notice of documents recorded in a county recorder's office).

SFR disputes the rest of the facts U.S. Bank presents in its motion and urges the Court not to take judicial notice of them. The Court will discuss further below (in Section III) the evidence supporting U.S. Bank's contention that "Alessi & Koenig, LLC ("A&K"), had a known policy to reject super-priority lien tenders from Bank of America, N.A., which was the prior record beneficiary of the Deed of Trust at the time of sale and U.S. Bank's predecessor-in-interest." (ECF No. 70 at 2; *see also id.* at 4-5 (containing the disputed facts); ECF No. 77 at 2 (disputing these facts).)

The Court now turns to this case's procedural history. SFR filed an initial quiet title action in state court, claiming that the HOA Sale extinguished the DOT, shortly after it purchased the Property at the HOA Sale in 2013. (ECF No. 69 at 2.) *See also SFR Investments Pool 1 v. Bank of America, et al.*, Case No. CV13-02750 (2nd Jud. Dist. Ct. Filed Dec. 31, 2013); https://www.washoecourts.com/Query/CaseInformation/CV13-02750.[3] But SFR voluntarily dismissed that case in 2014 after the Nevada Supreme Court issued its decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), believing that decision vindicated its position—rendering that initial lawsuit

---

[3]The Court takes judicial notice of the docket of this case. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

unnecessary. (ECF No. 69 at 2.) No defendants filed answers or asserted counterclaims in that case. *See Bank of America*, https://www.washoecourts.com/Query/CaseInformation/CV13-02750.

In 2016, Christiana Trust, a Division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, filed another quiet title case against SFR involving the Property. *See Christiana Trust v. SFR Investments Pool 1, LLC*, Case No. 2:16-cv-00684-GMN-CWH, ECF No. 1 (D. Nev. Filed Mar. 29, 2016).[4] While Christiana Trust raised tender as an affirmative defense to SFR's counterclaims, *see id.*, ECF No. 29 at 8, it was not addressed in the dispositive order initially resolving that case in Christiana Trust's favor, *see id.*, ECF No. 102, suggesting that no party argued excused tender in any of the briefing leading to that order. The United States Court of Appeals for the Ninth Circuit ultimately found Christiana Trust lacked standing and dismissed that case without prejudice in April 2020, vacating Judge Navarro's order favorable to Christiana Trust. *See id.*, ECF Nos. 119, 123. So neither of the first two cases resolved whether the DOT continued to encumber the Property following the HOA Sale.

SFR filed this case in October 2020, allegedly in response to U.S. Bank's initiation of foreclosure proceedings. (ECF No. 1 at 8.) SFR brings three claims against U.S. Bank.[5] (*Id.* at 8-10.) SFR's first claim against U.S. Bank is for declaratory relief that the HOA Sale extinguished the DOT. (*Id.* at 8-9.) SFR's second claim against U.S. Bank is for slander of title, contending that U.S. Bank's foreclosure notices filed against the Property contained false statements because the HOA Sale extinguished the DOT. (*Id.* at 9.) SFR's final claim against U.S. Bank is for wrongful foreclosure in the event U.S. Bank forecloses on the Property. (*Id.* at 10.)

///

---

[4]The Court also takes judicial notice of the filings in this case. *See Harris*, 682 F.3d at 1131-32.

[5]SFR also brought a claim against First American Trustee Servicing Solutions, LLC, who was later dismissed by stipulation. (ECF Nos. 1 at 9-10, 58 (granting stipulated dismissal).)

When U.S. Bank answered SFR's Complaint, it asserted tender as one of its affirmative defenses and filed several counterclaims against SFR. (ECF No. 17 at 6, 8-14.) U.S. Bank's first counterclaim is for a declaration that the DOT continues to encumber the Property based on its allegations that the notices sent out regarding the HOA Sale were inadequate or otherwise violated U.S. Bank's due process rights. (*Id.* at 12-13.) U.S. Bank's second claim against SFR is for unjust enrichment, based on U.S. Bank's contention that, "U.S. Bank has been deprived of the benefit of its secured deed of trust by the actions of SFR." (*Id.* at 13.) U.S. Bank's third claim against SFR is for equitable subrogation, seeking a declaration, "that U.S. Bank is the beneficiary of a first position Deed of Trust that encumbers the Property and is superior to the interest held by SFR and all other parties, if any." (*Id.* at 13-14.)

SFR obtained a temporary restraining order and later a preliminary injunction prohibiting U.S. Bank from foreclosing on the Property until this case is resolved. (ECF Nos. 9, 15.) The case was later stayed pending the resolution of a potentially applicable decision of the Nevada Supreme Court (ECF Nos. 45, 46), then unstayed (ECF Nos. 53, 54), and reassigned to the Court (ECF No. 61). The parties filed the pending motions consistent with an updated scheduling order, once extended. (ECF Nos. 65, 68.) In sum, the propriety of the HOA Sale has not been finally adjudicated even though it happened in 2013.

## III.  DISCUSSION

U.S. Bank's core argument in both its motion and its response to SFR's motion is that the futility of tender doctrine described in *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 351 (Nev. 2020)—which the Court interchangeably refers to as the excused tender doctrine herein—applies here and rendered the HOA Sale void. The Court agrees. And as further explained below, the Court's agreement with U.S. Bank on this core argument resolves the rest of the parties' claims against each other. The Court begins by explaining why it may consider U.S. Bank's challenged exhibits, then disposes of SFR's statute of limitations and laches arguments, then turns to the application of the

excused tender doctrine, and concludes by explaining how the resolution of the excused tender issue resolves the rest of the parties' claims against each other.

### A.     The Challenged Exhibits

U.S. Bank proffers four exhibits to support its contention that, in 2012, A&K (the HOA's agent who conducted the HOA Sale) had a policy of refusing to accept super-priority lien tenders, and U.S. Bank's predecessor-in-interest, Bank of America, N.A., knew about it. (ECF No. 70 at 4-5.) U.S. Bank initially asked the Court to take judicial notice of three of them, and maintains that request was proper, but alternatively contends in reply to SFR's contention that judicial notice of three of the exhibits would be improper that the Court can nonetheless consider them in this context because their contents could be presented in an admissible form at trial. (*Id.* at 5-6; *see also* ECF Nos. 77 at 6-7 (arguing judicial notice would be improper), 82 at 5-7 (replying that the Court can consider their contents regardless).) The Court agrees with U.S. Bank.

"[A]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021) (citation omitted). Indeed, the Court may consider inadmissible documents at summary judgment so long as their contents can be presented in a form that would be admissible at trial. *See id.*

The content of the challenged exhibits could be presented in a form that would be admissible at trial.[6] Exhibit F is an arbitration brief that an attorney for A&K submitted in September 2012, Exhibit G is the non-binding arbitration award from that same arbitration, also from September 2012, Exhibit H is the sworn declaration of Rock Jung (an attorney employed by a law firm called Miles Bauer in 2012 and 2013), and Exhibit I consists of excerpts of trial testimony from David Alessi (the K in A&K) and Douglas Miles (the former managing partner of the Miles Bauer law firm). (ECF Nos. 70-6, 70-7, 70-8, 70-9.) All of these exhibits could either be introduced at trial through the testimony of the

---

[6]The Court accordingly declines to resolve the request for judicial notice.

5

attorney who wrote the arbitration brief, or Jung, Alessi, or Miles. *See, e.g.*, *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003). If they forget about any of the documents' contents, these documents could be used to refresh their recollections. *See id.* Moreover, as U.S. Bank argues (ECF No. 82 at 7) SFR does not actually dispute the factual content of any of these exhibits (ECF No. 78 at 7). In addition, the Ninth Circuit has considered very similar (if not identical) evidence in affirming applications of the excused tender doctrine at the summary judgment phase of similar cases. *See, e.g.*, *Bank of Am., N.A. v. Lakeview Owners' Ass'n*, Case No. 20-16626, 2021 WL 5359580, at *1 (9th Cir. Nov. 17, 2021) ("The district court properly relied on trial testimony in unrelated cases to reach its holding."); *Bank of Am., N.A. v. Alessi & Koenig, LLC*, 840 F. App'x 217, 218 (9th Cir. 2021) (crediting Rock Jung's "declaration that similarly described Alessi's practice of rejecting tender" in affirming application of excused tender doctrine). Thus, the Court will consider the content of these exhibits in ruling on the parties' competing motions.

### B.     Statute of Limitations and Laches

SFR argues both in its motion and in response to U.S. Bank's motion that U.S. Bank is time-barred from raising the excused tender doctrine. (ECF Nos. 69 at 4-5, 6, 77 at 2-6.) SFR's argument is further separable into two threads, alternatively arguing that U.S. Bank may not raise the excused tender doctrine because the applicable statute of limitations has run, or under the doctrine of laches.

The Court begins with SFR's statute of limitations argument. U.S Bank responds that statutes of limitations do not run against defenses, and cannot be used offensively like SFR tries to do in its Motion. (ECF Nos. 70 at 9-10, 82 at 3-5.) The Court agrees with U.S. Bank.  "[C]ourts generally allow defendants to raise defenses that, if raised as claims, would be time-barred." *City of Saint Paul, Alaska v. Evans*, 344 F.3d 1029, 1033 (9th Cir. 2003) (citation omitted). Indeed, in Nevada, "[l]imitations do not run against defenses. The statute is available only as a shield, not as a sword." *Dredge Corp. v. Wells Cargo, Inc.*, 389 P.2d 394, 396 (Nev. 1964) (citation omitted). And the Nevada Supreme Court has so held in the context of a similar case. Specifically, in *Las Vegas Dev. Grp., LLC v. Bank of*

*New York Mellon as Tr. for Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2006-7, a Nat'l Banking Ass'n*, 504 P.3d 523 (Table), 2022 WL 500677, at *1 (Nev. 2022), the Nevada Supreme Court rejected an indistinguishable statute of limitations argument to the one SFR makes here, affirming the district court's decision that the defendant's excused tender argument was not time barred in reliance on that court's "longstanding holding that '[l]imitations do not run against defenses,'" *id.* (citing *Dredge Corp.*, 389 P.2d at 396), also noting that, "there is no Nevada law providing a presumption that an HOA foreclosure sale has extinguished a first deed of trust." *Id.* Thus, the pertinent caselaw does not favor SFR's argument.

Moreover, U.S. Bank asserted tender as an affirmative defense in this case, but did not assert it as a claim. (*Compare* ECF No. 17 at 6 (asserting it as an affirmative defense) *with id.* at 8-14 (declining to base any of its claims on a tender argument, or even mention tender).) It accordingly seems appropriate to treat excused tender as an affirmative defense in this case—because it is one. (*Id.* at 6.) This case is also therefore distinguishable from *Evans*, where the city asserted affirmative defenses that were mirror images to its time-barred claims. *See Evans*, 344 F.3d at 1033 (describing the relationship between the claims and affirmative defenses). SFR's reliance on that case is accordingly unpersuasive. U.S. Bank's assertion of an affirmative defense of excused tender is not barred by the applicable statute of limitations.

However, SFR's laches argument is somewhat more persuasive. For this reason, the laches argument was the focus of the Hearing. Laches is an equitable doctrine that "may be invoked when delay by one party works to the disadvantage of the other, causing a change of circumstances [that] would make the grant of relief to the delaying party inequitable." *Wilmington Tr., N.A. as Tr. of ARLP Securitization Tr., Series 2014-2 v. Saticoy Bay LLC Series 206 Valerian*, 416 F. Supp. 3d 1077, 1089 (D. Nev. 2019), *aff'd sub nom. Wilmington Tr., Nat'l Ass'n v. Saticoy Bay LLC Series 206 Valerian*, 831 F. App'x 316 (9th Cir. 2020) (quoting *Carson City v. Price*, 934 P.2d 1042, 1043 (Nev. 1997)). But especially strong circumstances must exist to support the application of the

laches doctrine if the statute of limitations has not run. *See Bldg. & Const. Trades Council of N. Nevada v. State ex rel. Pub. Works Bd.*, 836 P.2d 633, 637 (Nev. 1992). And laches may only be appropriately applied when the condition of the party asserting it becomes so changed that it cannot be restored to its former state. *See Wilmington Tr.*, 416 F. Supp. 3d at 1089 (citation omitted).

      SFR argues that the Court should apply the laches doctrine to preclude U.S. Bank from arguing excused tender because U.S. Bank delayed in raising this defense until seven years after the HOA Sale, and after two prior cases where SFR and U.S. Bank's predecessors-in-interest litigated the HOA Sale without final resolution. (ECF No. 77 at 3-4.) U.S. Bank did not file suit after it acquired its interest in the Property, either. (*Id.*) SFR further argues that an ultimate finding that SFR owns the Property subject to U.S. Bank's DOT unfairly prejudices it because SFR has paid to maintain the Property for ten years and litigated two prior cases about the Property. (*Id.* at 4.) U.S. Bank counters that SFR's laches argument is based upon a false presumption that it owns the Property free and clear of the DOT based on the HOA Sale, pointing out that this is inaccurate under Nevada law. (ECF No. 82 at 4.) U.S. Bank further argues, "the Nevada Supreme Court has acknowledged there is no obligation to prevail in a judicial action as a condition precedent to enforcing a deed of trust that survived an HOA foreclosure sale." (*Id.* at 4-5.) U.S. Bank accordingly argues there is nothing inequitable about raising the excused tender doctrine how and when it did. (*Id.* at 5.) The Court finds U.S. Bank's arguments more persuasive than SFR's.

      SFR's laches argument is ultimately based on a factual error and a presumption that has been eroded. Starting with the factual error, while SFR argues that U.S. Bank's predecessor, "never even argued futility of tender" in the *Christiana Trust* case, U.S. Bank's predecessor indeed raised tender as an affirmative defense to SFR's counterclaims in that case. (ECF No. 77 at 3 (making the argument).) *See also Christiana Trust*, Case No. 2:16-cv-00684-GMN-CWH, ECF No. 29 at 8 (raising the defense). And the excused tender doctrine is an extension of the tender doctrine. *See Perla Del Mar*,

458 P.3d at 350-52. Thus, it is not quite accurate to say that U.S. Bank's predecessor never argued futility of (or excused) tender in the *Christiana Trust* case. Indeed, the assertion of this affirmative defense put SFR on notice that the other side was asserting tender. And as U.S. Bank's counsel argued at the Hearing, U.S. Bank's predecessor did not further raise any tender-related arguments in *Christiana Trust* because it won on notice, only to have its victory vacated for lack of standing. *See Christiana Trust*, Case No. 2:16-cv-00684-GMN-CWH, ECF Nos. 102, 119. SFR is accordingly not as prejudiced as it now suggests by U.S. Bank's assertion of the excused tender doctrine—because U.S. Bank's predecessor did not delay to the extent that SFR suggests it did.

Moreover, the Court also agrees with U.S. Bank that there is "there is no Nevada law providing a presumption that an HOA foreclosure sale has extinguished a first deed of trust[.]" *Las Vegas Dev. Grp.*, 2022 WL 500677, at *1; *U.S. Bank, N.A. as Tr. for Specialty Underwriting & Residential Fin. Tr. Mortg. Loan Asset-Backed Certificates Series 2006-BC4 v. Thunder Properties, Inc.*, 503 P.3d 299, 307 (Nev. 2022) ("it is also possible that a foreclosure *does not*" extinguish a deed of trust "if tender was excused[.]"). Given this, when U.S. Bank's predecessor raised tender, SFR should have continued to litigate the doctrine's alleged non-application. And as explained above, this case is unusual in that the ultimate propriety of the HOA Sale has never been adjudicated even though it occurred back in 2013. So the Court does not find it inequitable to permit U.S. Bank to raise its excused tender affirmative defense now. Indeed, especially strong circumstances must exist to apply laches if the statute of limitations has not run. *See Bldg. & Const. Trades Council*, 836 P.2d at 637. The circumstances under which U.S. Bank now raises its affirmative defense of excused tender are simply not inequitable.

In sum, the Court declines to bar U.S. Bank from asserting its affirmative defense of excused tender under the doctrine of laches, and proceeds to analyze that issue.

### C.     Excused Tender

"[T]he excused tender doctrine applies when two conditions are satisfied: (1) the homeowners' association agent had a 'known policy of rejecting any payment for less

9

than the full lien amount[;]' and (2) 'Miles Bauer and the Bank had knowledge of this business practice[.]'" *Nationstar Mortg., LLC v. Sahara Sunrise Homeowners Ass'n*, Case No. 2:15-cv-01597-MMD-NJK, 2023 WL 5017237, at *3 (D. Nev. Aug. 3, 2023) (quoting *Perla Del Mar*, 458 P.3d at 351) (currently on appeal). The Court agrees with U.S. Bank that both conditions are satisfied here. (ECF No. 70 at 6-9.)

The HOA Sale happened on October 24, 2013. (ECF No. 70-5.) At that time, BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP ("BAC") held the DOT, and BAC later merged into Bank of America, N.A. (ECF No. 1 at 5.)[7] A&K, the homeowners' association's agent, had a policy of rejecting any payment for less than the full lien amount (ECF No. 70-6 at 4 (taking this position in an arbitration brief)) at the time of the HOA Sale, a position strengthened by a favorable decision in that arbitration A&K participated in (ECF No. 70-7)—further suggesting that A&K would not have deviated from it. *See U.S. Bank Nat'l Ass'n, Tr. to Wachovia Bank, N.A. v. SFR Invs. Pool 1, LLC*, 464 P.3d 125, 2020 WL 3003017, at *1 (Nev. 2020) (finding an arbitration brief where a homeowners' association's agent took the position that it would not accept tender was sufficient evidence that the agent had a known policy of rejection sufficient to excuse formal tender); *see also Bank of New York Mellon as Tr. for Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2004-7 v. SFR Invs. Pool 1, LLC*, Case No. 2:16-cv-00847-GMN-DJA, 2021 WL 738937, at *6 (D. Nev. Feb. 25, 2021) (same).

Bank of America, through its counsel at Miles Bauer, was aware of A&K's policy. (ECF No. 70-8 (declaring that any attempt to tender to A&K would have been futile).) *See Lakeview Owners' Ass'n*, 2021 WL 5359580, at *1 (affirming excused tender finding and noting, "Employees of BANA and its legal representative in HOA foreclosure sales, Miles, Bauer, Bengstrom & Winters, LLP ("Miles Bauer"), testified that BANA knew of this policy."); *Alessi & Koenig, LLC*, 840 F. App'x 217, 218 (affirming excused tender finding

---

[7]SFR argues that it is unclear who was servicing the loan at the time of the HOA Sale (ECF No. 77 at 7-8), but that argument is irrelevant because SFR does not dispute that BAC was the holder of the DOT at that time, and the holder of the DOT is entitled to tender. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 118 (Nev. 2018), *as amended on denial of reh'g* (Nov. 13, 2018).

10

1  and noting, "Rock Jung, a former Miles Bauer attorney, submitted a declaration that
2  similarly described Alessi's practice of rejecting tender."). Mr. Miles' testimony in another
3  case supports this finding as well. (ECF No. 70-9 at 34 (testifying he was aware of no
4  time that A&K accepted a tender offer from Miles Bauer).) So does Mr. Alessi's testimony.
5  (*Id.* at 12 (stating A&K did not cash any checks for the superpriority amount from Miles
6  Bauer and that, "certainly Miles Bauer and our firm were aware of each party's
7  position[.]").) *See also Lakeview*, 2021 WL 5359580, at *1 ("The district court properly
8  relied on trial testimony in unrelated cases to reach its holding."). Bank of America was
9  aware of A&K's policy through its counsel Miles Bauer.

10  Because both conditions are satisfied, the excused tender doctrine applies. The
11  DOT accordingly continues to encumber the Property. *See Perla Del Mar*, 458 P.3d 348,
12  352. Moreover, because U.S. Bank's "interest in the property was preserved by operation
13  of law" the Court need not reach SFR's arguments that it was a bona fide purchaser.
14  *Alessi & Koenig*, 840 F. App'x 217, 218 (taking same approach) (citation omitted). This is
15  the case even though the HOA Sale occurred in October 2013, and despite SFR's
16  argument to the contrary. (ECF No. 77 at 8-15.) *See Bank of New York Mellon as Tr. for*
17  *Certificateholders of CWALT, Inc., Alternative Loan Tr. 2005-54CB, Mortg. Pass-Through*
18  *Certificates Series 2005-54CB v. Enchantment at Sunset Bay Condo. Ass'n*, 2 F.4th
19  1229, 1234 n.7 (9th Cir. 2021) (rejecting a bona fide purchaser argument in reliance on
20  *Diamond Spur* even where the foreclosure sale occurred in 2014).

21      **D.**    **Other Claims**

22  Because the DOT continues to encumber the Property, the Court is able to resolve
23  the parties' other claims against each other, and their motions as to those claims. To start,
24  it necessarily follows that U.S. Bank is entitled to summary judgment on SFR's slander of
25  title claim because it has the right to foreclose on its DOT, so the notice announcing such
26  a sale that SFR proffered as the basis for this claim is accurate, not slanderous. (ECF
27  Nos. 70 at 10-12 (making the argument), 82 at 10-11 (noting that SFR declined to oppose
28  U.S. Bank's motion as to this claim).) U.S. Bank is also entitled to summary judgment on

1  SFR's wrongful foreclosure claim because U.S. Bank has not yet foreclosed on the
2  Property (indeed, Judge Hicks enjoined U.S. Bank from doing so until this case is
3  resolved), and because the DOT continues to encumber the Property, foreclosure could
4  be proper if nobody has been repaying the loan in any event. (ECF Nos. 70 at 12 (making
5  the argument, 82 at 10-11 (noting that SFR declined to oppose U.S. Bank's motion as to
6  this claim).)

In addition, having declared that U.S. Bank's DOT continues to encumber the Property, the Court dismisses U.S. Bank's counterclaim for quiet title as moot because the Court is herein granting U.S. Bank the relief it seeks in that claim, albeit not under the due process and notice theories U.S. Bank raises in that claim that the Court need not—and does not—address. The Court also dismisses U.S. Bank's counterclaim for unjust enrichment as moot because it uses alternative phrasing suggesting it is only viable if the Court had found the HOA Sale extinguished the DOT. (ECF No. 17 at 13.) The Court further dismisses U.S. Bank's claim for equitable subrogation as moot because U.S. Bank ultimately seeks in that claim a declaration "that U.S. Bank is the beneficiary of a first position Deed of Trust that encumbers the Property and is superior to the interest held by SFR and all other parties, if any." (*Id.* at 14.) The Court is giving U.S. Bank such a declaration herein because it prevails on its excused tender affirmative defense to SFR's quiet title claim. Finally, because the Court is dismissing U.S. Bank's counterclaims as moot, the Court declines to address SFR's affirmative motion for summary judgment as to these claims. (ECF No. 69 at 6-7.) In sum, the Court's finding that the excused tender doctrine applies here compels resolution of this case in U.S. Bank's favor.

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

It is therefore ordered that SFR's motion for summary judgment (ECF No. 69) is denied.

It is further ordered that U.S. Bank's motion for summary judgment (ECF No. 70) is granted.

It is further ordered that U.S. Bank is entitled to summary judgment on all three of SFR's claims against it (ECF No. 1 at 8-10) as further explained herein.

It is further ordered that U.S. Bank's DOT continues to encumber the Property.

Considering this finding, and as further explained herein, the Court dismisses U.S. Bank's counterclaims (ECF No. 17 at 12-14) as moot.

It is further ordered that the preliminary injunction in place in this case (ECF No. 15) is dissolved.

The Clerk of Court is directed to enter judgment accordingly—in U.S. Bank's favor—and close this case.

DATED THIS 23rd Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE